IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-133-F |
| | ) | (WO) |
| PATRICK LAMAR HUMPHREY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the Court on Defendant Patrick Lamar Humphrey's Appeal to U.S. District Court From Order of Magistrate Judge Granting Government's Motion For Detention of Defendant Pending Trial (Doc. #22), filed July 20, 2005.  In this Motion, the Defendant argues that the government's Motion for Detention (Doc. #4) was inappropriately granted by the Order (Doc. #12) of Magistrate Judge Boyd on June 6, 2005.  The Defendant argues that detention was not appropriate in this case because Chief Magistrate Judge Coody declined to detain him pending revocation in Case No. 2:94-cr-92-H on "virtually the very same facts."  (Motion for Amendment, 1).

Section 3142 of United States Code Title 18 creates a rebuttable presumption of detention, which applies in this case because the Defendant has been indicted of a drug offense as required by that section.  *See* 18 U.S.C. § 3142 (e); *United States v. Hurtado*, 779 F.2d 1467, 1480-81 (11th Cir. 1985).  Additionally, the Court has considered *de novo* the factors listed in 18 § 3142(g) and finds that detention was appropriate in this case.  Among other factors, the Court relies on the following:

(1) the offense involves a narcotic drug, (2) the weight of the evidence against the Defendant is significant, (3) the offense was committed while on supervised release; and (4) the Defendant poses a potential danger to the community.  *See* 18 U.S.C. § 3142(g)(1)-(4).

Therefore, the Court finds that the Magistrate Judge's Order on Motion for Detention was proper regardless of any seeming contradiction with the order regarding detention of the Defendant on his supervised release violation.  Moreover, the Court notes that the two decision were made at different procedural points in the two cases and that the Magistrate Judge had the benefit of additional information on June 6, 2005, which was not available to Chief Magistrate Judge Coody when he made the decision regarding detention on February 23, 2005.

After a thorough review of the files of both cases, the applicable law, and the arguments of the parties, and for the reasons stated above, it is hereby

ORDERED that the Defendant's Motion for Amendment of the Magistrate Judge's Order on Motion for Detention Pending Trial (Doc. #22) is DENIED.

DONE this 10th day of August, 2005.

                          /s/ Mark E. Fuller
                          CHIEF UNITED STATES DISTRICT JUDGE